IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LION FEDERAL CREDIT UNION                                                          PLAINTIFF

v.                                Case No. 1:23-cv-1001

WORLDPAY, LLC                                                                    DEFENDANT

**ORDER**

Before the Court is Defendant Worldpay, LLC's Motion to Dismiss First Amended Complaint. ECF No. 38. Plaintiff Lion Federal Credit Union has responded. ECF No. 44. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On March 2, 2012, Lion Federal Credit Union ("LFCU") and Worldpay, LLC ("Worldpay") executed a Master Services Agreement ("MSA") in which Worldpay agreed to provide terminal services, card services, debit card services, card production services, and gateway services to LFCU in connection with LFCU's business as a credit union in El Dorado, Arkansas. After the initial term expired, the MSA automatically renewed for a period of seven (7) years.

The MSA contains a forum selection clause:

> Applicable Law. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio. The parties hereby consent to service of process, personal jurisdiction, and venue in the state and federal courts in Cincinnati, Ohio or Hamilton County, Ohio, and select such courts as the exclusive forum with respect to any action or proceeding brought to enforce any liability or obligation under this Agreement.

ECF No. 35-1, at 4, ¶ 13(f). LFCU states that it is a citizen of Arkansas and alleges that Worldpay is a Delaware limited liability company with its principal place of business in Ohio.

LFCU alleges that Worldpay has been unable to provide adequate and reliable services promised under the MSA. LFCU further alleges that Worldpay is wrongly withholding a debit

card file, and as a result, LFCU has been unable to undergo a changeover to another card service provider, which was originally scheduled for June 2, 2022.

On July 10, 2023, LFCU filed its amended complaint in this Court, alleging breach of contract, unjust enrichment, negligence, deceptive trade practices, and intentional interference with business expectancy and contractual relationships. LFCU also requests a declaratory judgment. In the instant motion, Worldpay argues that this action was filed in an improper venue and should be dismissed, or alternatively, transferred to the United States District Court for the Southern District of Ohio, Western Division (Cincinnati). Worldpay also argues that LFCU's amended complaint should be dismissed for failure to state a claim. LFCU opposes the motion.

## II. DISCUSSION

Worldpay argues that LFCU's complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3) and (6) for improper venue and failure to state a claim upon which relief may be granted. Alternatively, Worldpay argues that the Court should transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) and the MSA's forum selection clause.

As a preliminary matter, LFCU argues that Worldpay's motion to dismiss should be denied because its venue argument is improperly presented to the Court in the form of a Rule 12(b)(3) motion. LFCU also argues that the forum selection clause is unenforceable and ambiguous. Finally, LFCU argues that its complaint contains sufficient factual allegations to avoid dismissal under Rule 12(b)(6).

### A. Legal Basis for Motion to Dismiss

The Supreme Court has determined that the exclusive avenue for relief when seeking to enforce a forum selection clause, such as the one in the MSA, is either a motion brought pursuant to 28 U.S.C. § 1404(a) or the doctrine of *forum non conveniens*, not Rule 12(b)(3). *Atl. Marine*

*Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 58-59 (2013). Thus, the Court will construe Worldpay's motion as it relates to venue as a motion to transfer pursuant to 28 U.S.C. § 1404(a), which is an alternative argument that Worldpay has presented in its motion.

**B. Proper Venue**

Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The Court must begin by determining whether the Western District of Arkansas is a proper venue for this case, without regard to the MSA's forum selection clause. This is because "[s]ection 1404(a) applies only if the initial federal forum is a proper venue." 14D Arthur R. Miller, *Federal Practice & Procedure: Jurisdiction* § 3829 (4th ed. 2020). "Where no special venue statute is applicable, the general venue statute, 28 U.S.C. § 1391, applies." *Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1154 (N.D. Iowa 2004). Under that statute, a civil action founded on diversity of citizenship, like this case, may ordinarily be brought only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

LFCU alleges that venue is proper in the Western District of Arkansas because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Arkansas. ECF No. 35, at 2, ¶7. Worldpay's motion does not discuss whether the Western District

of Arkansas is a proper venue, but the Court agrees with LFCU that venue is proper in this Court, putting aside analysis of the MSA's forum selection clause.

### C. Forum-Selection Clause

Although the Western District of Arkansas is a proper venue for this case, Worldpay nevertheless argues that the Court should transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. 1404(a) and the MSA's forum selection clause, which selects Ohio as the exclusive venue for any disputes arising from the MSA.

#### 1. Legal Standard

District courts considering a motion to transfer under § 1404(a) "must establish both the convenience of the parties and various public-interest factors." *Atl. Marine*, 571 U.S. at 62. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* In addition to the factors identified in *Atlantic Marine*, the Eighth Circuit has identified factors appropriate to consider when resolving motions to transfer, which it categorized into "balance of convenience factors" and "interest of justice" factors. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). The Eighth Circuit has approved the consideration of "all relevant factors" in making a "case-by-case evaluation of the particular circumstances at hand." *Id.* at 691. Ultimately, the Court enjoys "much discretion" when deciding whether to grant a motion to transfer. *Id.* at 697.

The Court's analysis of a motion to transfer changes when the parties have agreed to a valid forum selection clause, which "[should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 60. When there is a valid forum selection clause, the section 1404(a) analysis is altered in three ways: (1) the plaintiff's choice of forum holds no weight and the plaintiff consequently bears the burden of establishing that a transfer pursuant to the forum-

selection clause is unwarranted; (2) the Court "must deem the private-interest factors[1] to weigh entirely in favor of the preselected forum," and consider only the public-interest factors, which defeat a forum-selection clause only in "unusual cases"; and (3) a transfer will not carry with it the original forum's choice-of-law rules, which could affect public-interest considerations.  *Id.*

Forum selection clauses are *prima facie* valid and are enforced unless they are unjust and unreasonable or invalid for reasons such as fraud or overreaching.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).  The Eighth Circuit recognizes both mandatory and permissive forum selection clauses.  *Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003).  "Mandatory forum-selection clauses require a case to be brought in an identified venue based on 'specific language indicating the parties' intent to make jurisdiction exclusive.'"  *High Plains Constr., Inc. v. Gay*, 831 F. Supp. 2d 1089, 1102 (S.D. Iowa 2011) (citing *DataCard Corp. v. Softek, Inc.*, 645 F. Supp. 2d 722, 729 (D. Minn. 2007)).  On the other hand, "[p]ermissive forum-selection clauses . . . constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction in any other forum."  *Id.* (internal quotation omitted).  Generally, courts apply *Atlantic Marine's* limitations on a § 1404(a) transfer analysis only to cases involving mandatory forum selection clauses.  *Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 Fed. App'x. 820, 821-22 (5th Cir. Nov. 28, 2014) (declining interlocutory appeal of district court's decision not to transfer case to enforce a permissive forum selection clause, noting that the vast majority of courts have refused to apply *Atlantic Marine* to permissive forum selection clauses).

Determining whether a forum selection clause is mandatory or permissive is a legal issue of contract construction.  *Dunne*, 330 F.3d at 1063.  The Eighth Circuit has determined that words

---

[1] Private factors generally relate to the "practical problems that make trial of a case easy, expeditious, and inexpensive."  *Atl. Marine*, 571 U.S. at 62.

5

such as "exclusive," "only," and "must" suggest exclusivity. *Id.* at 1064. The Fifth Circuit Court of Appeals has explained, "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).

### 2. Analysis

As stated earlier, the forum selection clause at issue here is as follows:

> Applicable Law. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio. The parties hereby consent to service of process, personal jurisdiction, and venue in the state and federal courts in Cincinnati, Ohio or Hamilton County, Ohio, and select such courts as the exclusive forum with respect to any action or proceeding brought to enforce any liability or obligation under this Agreement.

ECF No. 35-1, at 4, ¶ 13(l). LFCU does not expressly argue that this forum selection clause is permissive but rather that it is ambiguous and should be construed against the drafter of the agreement. LFCU explains that the ambiguity is found in the phrase "such courts." According to LFCU, the phrase is "internally ambiguous because it purports to select the state and federal courts of both Cincinnati and Hamilton County as a singular, exclusive forum." ECF No. 44, at 9. It argues that the phrase "such courts . . . is unclear whether it limits the lone forum to a state or federal court situated in both Cincinnati and Hamilton County . . . another court, or multiple other courts." ECF No. 44, at 9.

To render the Court's disposition in this case, it is not necessary that the Court choose between these specific venue options as defined by LFCU. The Court is not aware of any precedent that requires a forum selection clause to identify a single agreed upon venue for the clause to be deemed mandatory and not permissive. Considering the language of the forum selection clause as

6

a whole, it clearly states that state and federal courts in either Cincinnati, Ohio or Hamilton County, Ohio are the "exclusive" forum the parties select with respect to claims brought under the agreement. This makes sense given that disputes could arise under the MSA that involve only state claims, only federal claims, or both. The forum selection clause indicates an intent by the parties to go beyond establishing simply that the identified Ohio courts will have jurisdiction because the clause identifies specific courts in Ohio that will have "exclusive" jurisdiction over claims brought under the MSA. Thus, the Court is convinced, based on the MSA's choice of language, that the forum selection clause at issue is mandatory and not permissive.

Because the clause is mandatory, the Court will apply *Atlantic Marine's* limitations on the Court's § 1404(a) transfer analysis. As stated earlier, those limitations as they relate to this case are: (1) LFCUS's choice of forum holds no weight and LFCU consequently bears the burden of establishing that a transfer pursuant to the forum selection clause is unwarranted; (2) the Court "must deem the private-interest factors to weigh entirely in favor of [Ohio]," and consider only the public-interest factors, which defeat a forum-selection clause only in "unusual cases"; and (3) a transfer will not carry with it Arkansas's choice-of-law rules, which could affect public-interest considerations. *Atl. Marine Const.*, 571 U.S. at 60.

Because LFCU filed suit against Worldpay in Arkansas in contravention of the MSA's mandatory forum selection clause, the Court gives no deference to LFCU's choice of forum or the comparative costs or convenience to the parties of litigating in each forum. As to the *Atlantic Marine* public-interest factors and the "interest of justice" factors identified in *Terra International*, the Court determines that the MSA's mandatory forum selection clause should be enforced. LFCU has not argued that there is extraordinary congestion in Ohio courts currently. While LFCU does argue that Arkansas is the proper forum for this suit because substantial events giving rise to LFCU's claims took place in Arkansas, the Court notes that there is an Ohio choice-of-law

provision in the MSA, indicating that Ohio law may apply to the claims at issue, which weighs in favor of enforcing the MSA's forum selection clause. With respect to each party's ability to enforce a judgment and obstacles to a fair trial, there is no indication that these factors weigh against enforcement of the MSA's mandatory forum selection clause.

LFCU points out that most of the evidence is in Arkansas and most of the witnesses live in Arkansas. However, because of the mandatory forum selection clause, the Court must deem these private-interest or convenience factors to weigh entirely in favor of Ohio. *Id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").

Bearing in mind that the forum selection clause should be "given controlling weight in all but the most exceptional cases," the Court finds that LFCU has not met its burden of establishing that the transfer of this case to Ohio is unwarranted. *Id.* at 60, 63 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (holding that when the parties have agreed to a valid forum-selection clause, a § 1404 transfer motion should be denied only under extraordinary circumstances unrelated to the convenience of the parties).

Section 1404(a) provides that "a district court may transfer any *civil action* to any other district or division where it might have been brought." (emphasis added). Hence, section 1404(a) plainly authorizes only the transfer of an entire lawsuit.[2] *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985) (noting that section 1404(a) "contemplates a plenary transfer"); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) ("Section 1404(a) only authorizes the transfer of an entire action, not individual claims."). LFCU's

---

[2] In certain "rare circumstances," it may be appropriate for a court to sever specific claims under Federal Rule of Civil Procedure 21 to effectuate their separate transfer. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991). Worldpay has not proposed this course of action, so the Court does not consider it.

complaint includes a claim for breach of the MSA. Neither party disputes that this claim is subject to the MSA's forum-selection clause, which applies to "any action or proceeding brought to enforce any liability or obligation under [the MSA]." Thus, the Court finds it appropriate to transfer the entire case to the United States District Court for the Southern District of Ohio, Western Division (Cincinnati) pursuant to 28 U.S.C. § 1404(a) and the MSA's mandatory forum-selection clause.

### D. Motion to Dismiss Under Rule 12(b)(6)

Because the Court finds that transfer of this case to Ohio is appropriate, the Court declines to address the merits of Worldpay's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION

For the above-stated reasons, the Court finds that Worldpay's Motion to Dismiss (ECF No. 38) should be **GRANTED IN PART** and **DENIED IN PART**. The Court declines to dismiss the case based on improper venue but grants Worldpay's alternative motion to transfer the case pursuant to 28 U.S.C. § 1404(a) and the MSA's mandatory forum selection clause. The Clerk of Court is **DIRECTED** to immediately transfer this case to the United States District Court for the Southern District of Ohio, Western Division (Cincinnati) for all further proceedings.

**IT IS SO ORDERED**, this 26th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge